## CUSTER *v.* McCUTCHEON.

No. 422. Argued April 20, 1931.—Decided May 18, 1931.

*Mr. J. F. Nugent* argued the cause and *Messrs. James R. Bothwell* and *W. Orr Chapman* filed a brief for petitioner.

*Mr. Whitney North Seymour,* with whom *Solicitor General Thacher, Assistant Attorney General Richardson,* and *Messrs. Claude R. Branch,* Special Assistant to the Attor-

ney General, and *E. T. Burke* were on the brief, for respondent.

Mr. Justice Roberts delivered the opinion of the Court.

The respondent's predecessor, as United States marshal, on October 9, 1929, levied an execution issued September 21, 1929, out of the District Court of Idaho, against the petitioner, upon a judgment entered in that court March 7, 1921, in favor of the United States. On October 10, 1929, the petitioner filed a bill in the same court to restrain the marshal from proceeding further under the execution process, on the ground that § 6910 of the Idaho Compiled Statutes of 1919 permitted the issuance of execution only within five years from the date of rendition of judgment. The District Court, on motion of the United States, dismissed the bill; and the Circuit Court of Appeals affirmed its judgment.[1] This Court granted certiorari.[2]

The question presented is whether the Idaho statute, which has been adopted as governing execution process in the United States District Court for that State, is applicable to an execution issued on behalf of the United States as a judgment plaintiff. The statute follows:

" The party in whose favor judgment is given, may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement."

It has become a part of the law of procedure in the United States court by virtue of § 916 of the Revised Statutes,[3] which provides:

" The party recovering a judgment in any common-law cause in any district court, shall be entitled to similar remedies upon the same, by execution or otherwise, to

---

[1] 41 F. (2d) 354.

[2] 282 U. S. 826.

[3] U. S. C., Title 28, § 727.

reach the property of the judgment debtor, as are provided in like causes by the laws of the State in which such court is held, or by any such laws which may subsequently be enacted and adopted by general rules of such district court; and such courts may, from time to time, by general rules, adopt such State laws as may be in force in such State in relation to remedies upon judgments, as aforesaid, by execution or otherwise; "
and Standing Rule 73 of the District Court which is:

" Subject to the provisions of the acts of Congress in relation to executions, judgments in actions at law shall be enforced in the same manner as such judgments in the State Courts are enforced, and the State laws in relation to executions, sales, exemptions, rights of purchasers, right of judgment creditors and judgment debtors, redemptions, liens of judgments and of decrees and proceedings supplementary to execution as said provisions now exist or as they shall exist at the time in question are adopted as rules of this Court; and the Marshal of this Court shall conform his proceedings thereto; . . ."

As a result of § 916 and Rule 73, the Idaho statute is applicable to proceedings in the District Court as if it had been passed by Congress. In the language of Rule 73, it has been " adopted " as a rule of the court. While it is clear that it governs executions issued on judgments recovered by other litigants, the lower courts held that it does not apply to those sued out by the United States. This ruling is based upon the familiar doctrine that in the absence of specific provision to the contrary statutes of limitation do not bind the sovereign. The petitioner insists that this act is not in the ordinary sense of the term a statute of limitation, that it does not affect the time within which a suit may be brought upon the judgment, but that on the contrary it grants the right of execution, and the time element is an integral part of the statutory right conferred. Petitioner says that in this aspect

the United States as plaintiff is on no better footing than any other litigant availing itself of the provisions of the statute. A proper decision depends upon the scope and meaning to be given to R. S. 916, and the rule of court.

Section 14 of the Judiciary Act of 1789 [4] conferred upon the courts of the United States power to issue writs of *scire facias, habeas corpus,* and all other writs, not specially provided for by statute, which might be necessary for the exercise of their jurisdiction agreeably to the principles and usages of law. These words comprehended executions on judgments. *Wayman* v. *Southhard,* 10 Wheat. 1, 22.

At the same session an act was passed "To regulate Processes in the Courts of the United States." [5] It provided that:

"Until further provision shall be made, and except where by this act or other statutes of the United States is otherwise provided, the forms of writs and executions, except their style, and modes of process . . . in the circuit and district courts, in suits at common law, shall be the same in each state respectively as are now used or allowed in the supreme courts of the same."

This act was to remain in force only until the expiration of the next session of Congress. It was followed by that of May 8, 1792; [6] and thereafter by other acts, [7] the last of which became R. S. § 916.

Section 916 prohibits the courts of the United States from adopting, recognizing or giving effect to any form of execution, except such as was, at the time of the passage of the act of 1872, from which it was derived, or has subsequently become by adoption of state statutes, a writ

---

[4] c. 20; 1 Stat. 81. U. S. C., Title 28, § 377.

[5] Act of September 29, 1789, c. 21; 1 Stat. 93.

[6] c. 36, § 2; 1 Stat. 276.

[7] May 19, 1828, c. 68; 4 Stat. 281. June 1, 1872, c. 255; 17 Stat. 197. The latter became R. S. 916, now U. S. C., Title 28, § 727.

authorized by the laws of the state. *Fink* v. *O'Neil*, 106 U. S. 272, 278.

This Court has twice considered the bearing of these statutes upon executions issued on judgments in favor of the United States. In *United States* v. *Knight*, 14 Pet. 301, it was held that the Act of 1828, *supra*, gave to debtors in prison under executions from the courts of the United States, at its suit, the privilege of jail limits in the several States as they were fixed by the laws of those States at the date of the act. It was asserted that the statute did not include executions on judgments in favor of the United States, as the sovereign is never bound by any statute unless expressly named. The contention was, however, overruled, and it was held that the obvious intent to create a conformity between the mode of proceeding in federal courts and state courts ought to be given effect.

In *Fink* v. *O'Neil*, *supra*, the question was whether the homestead of a defendant resident in Wisconsin was subject to seizure and sale under an execution issued out of a federal court on a judgment recovered by the United States. It was held that the Wisconsin statute exempting homesteads from such seizure, which admittedly embraced executions issued on judgments held by private citizens, applied also to the United States. It was observed that no distinction is made in any of the successive statutes on the subject between executions on judgments in favor of private parties and those in favor of the United States. The Court added:

"And as there is no provision as to the effect of executions at all, except as contained in this legislation, it follows necessarily that the exemptions from levy and sale, under executions of one class, apply equally to all, including those on judgments recovered by the United States."

The contention of the Government that on grounds of public policy the sovereign ought not to be subject to exemptions binding on private suitors was overruled.

It is clear, therefore, that R. S. § 916 and rules of court adopted pursuant thereto confine the United States to such executions as may be issued by individuals under the state statutes, and impose upon it the same restrictions and exemptions as are applicable to other suitors. and the question here is whether an exception should be made to this general rule as respects the time fixed by the state statute within which execution must issue. We see no valid reason for making such an exception. The time limited for issuing executions is, strictly speaking, not a statute of limitations. On the contrary, the privilege of issuing an execution is merely to be exercised within a specified time, as are other procedural steps in the course of a litigation after it is instituted. The plaintiff is not precluded from bringing an action upon the judgment, but merely from having an execution in the form provided by state law.

It is argued on behalf of the United States that the five year period is not binding upon the State of Idaho, and therefore the adoption of the statute does not affect the Federal Government in respect of the time of issuance of the writ. We find no decision of the supreme court of Idaho exempting the sovereign from the provisions of the statute, nor does examination of other cognate sections of the Idaho Compiled Statutes disclose any matter which would indicate such a purpose. We think that in the interest of uniformity, and in the absence of either express state decision or provision by Congress to the contrary, the statute is to be held applicable to all plaintiffs seeking to avail themselves of the writ of execution therein provided, including the United States.

The judgment must be

*Reversed.*