UNITED STATES *v.* WILLIAMS-RICHARDSON Co., et al.

In Banc. April 25, 1949.

(40 So. (2d) 177)

**Joseph E. Brown,** United States Attorney, and **Swep S. Taylor,** Assistant United States Attorney, for appellant.

**Ebb J. Ford, Jr.,** for appellee.

384

**Roberds, J.**

In 1940 the United States obtained through the federal court, Southern District of Mississippi, a personal judgment against one Brinkman. In 1943 that judgment was enrolled in Jackson County, Mississippi. In 1947 three other personal judgments were procured against Brinkman and duly enrolled in said County. Execution issued on the last of the three judgments, and property of Brinkman in said County was seized and sold under that execution. The sheriff paid the proceeds of the sale into the circuit court of that County. This sale was more than seven years after the date of appellant's judgment. In May, 1948, said four judgment creditors propounded their claims to said money. The fund was insufficient to pay even the last three judgments. The trial judge decided that appellant had no legal right to share in the proceeds of such sale. That was evidently because he thought that whatever lien appellant once had on the property of Brinkman by virtue of its judgment expired seven years after the date of such judgment. The correctness of that conclusion is the question for decision on this appeal. No execution had issued under appellant's judgment and no action had been taken to renew it.

Appellant invokes Section 104, Mississippi Constitution of 1890, which reads: "Statutes of limitation in civil causes shall not run against the state, or any subdivision or municipal corporation thereof."

Does that Section have the effect of continuing indefinitely the lien of appellant's judgment upon the judgment-debtor's property, or did such lien expire seven years after the date of such judgment? The question must be determined by a consideration of the meaning and effect of the foregoing constitutional provision and other applicable state and federal statutes in the light of the construction which has been given them in the decided cases.

Section 733, Mississippi Code of 1942, Annotated, reads: "All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after; and an execution shall not issue on any judgment or decree after seven years from the date of the judgment or decree."

Section 735, said Code, in its applicable part, provides: "A judgment or decree rendered in any court held in this state shall not be a lien on the property of the defendant therein for a longer period than seven years from the rendition thereof, unless an action be brought thereon before the expiration of such time; . . ."

Section 1554, said Code, prescribes the form and method of enrolling judgments.

The next section, in its pertinent part, reads: "A judgment so enrolled shall be a lien upon and bind all the property of the defendant within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment creditor, his representatives or assigns, against the judgment debtor, and all persons claiming the property under him after the rendition of the judgment; and a judgment shall not be a lien on any

property of the defendant thereto unless the same be enrolled; . . ."

The applicable federal statutes are Sections 727, 812 and 814, Title 28 United States Code Annotated. We set these out in the order stated:

(727) "The party recovering a judgment in any common-law cause in any district court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are provided in like causes by the laws of the State in which such court is held, or by any such laws which may subsequently be enacted and adopted by general rules of such district court; . . ."

(812) "Judgments and decrees rendered in a district court of the United States within any State, shall be liens on property throughout such State in the same manner and to the same extent and under the same conditions only as if such judgments and decrees had been rendered by a court of general jurisdiction of such State. Whenever the laws of any State require a judgment or decree of a State court to be registered, recorded, docketed, indexed, or any other thing to be done, in a particular manner, or in a certain office or county, or parish in the State of Louisiana before a lien shall attach, this section and · section 813 of this chapter shall be applicable therein whenever and only whenever the laws of such State shall authorize the judgments and decrees of the United States courts to be registered, recorded, docketed, indexed, or otherwise conformed to the rules and requirements relating to the judgments and decrees of the courts of the State."

(814) "Judgments and decrees rendered in a district court, within any State, shall cease to be liens on real estate or chattels real, in the same manner and at like periods as judgments and decrees of the courts of such State cease, by law, to be liens thereon."

In Custer v. McCutcheon, 283 U. S. 514, 51 S. Ct. 530, 532, 75 L. Ed. 1239, the Supreme Court of the United

States, construing the effect of said section 727, held that an Idaho statute permitting the issuance of an execution only within five years from date of rendition of judgment was applicable to an execution issued on behalf of the United States as a judgment plaintiff. That court said: ''The time limited for issuing executions is strictly speaking, not a statute of limitations. On the contrary, the privilege of issuing an execution is merely to be exercised within a specified time, as are other procedural steps in the course of a litigation after it is instituted. The plaintiff is not precluded from bringing an action upon the judgment, but merely from having an execution in the form provided by state law.''

A statute of the Territory of Utah provided that from the time a judgment was docketed it became a lien upon the real estate of the judgment debtor, and that the lien should continue for five years. In Thompson v. Avery, 11 Utah 214, 39 P. 829, 836, the court construed the effect of federal statute 814 as applied to the state statatute and concluded that a lien for a fine or penalty obtained in a criminal prosecution in favor of the United States ceased under the state statute at the expiration of five years. The Court made this pertinent observation:

''The rule is, no doubt, that statutes of limitation do not run against the government without its express provision, but this principle does not reach this case. Such statutes are those 'that restrict the period within which the right, otherwise unlimited, might be asserted.' . . . The government by its legislation has stepped into the territorial forum, and in order to have the benefit of judgment liens, has placed itself upon the same footing as domestic judgment creditors. No reasonable construction of the act of Congress above referred to permits the United States to avail itself of just enough of our statute to give it the benefit of the lien, and warrant it in repudiating that portion providing for its extinguishment. Our statute does not restrict the lien, which otherwise would be unlimited, but it creates a judgment lien which other-

wise would not exist. Judgments and judgment liens are different things. The judgment against Bergen, in favor of the United States, may not be barred by the statute of limitations, but we think the judgment lien was extinguished at the expiration of the five years from the rendition of judgment. Counsel's position, that a lien is inseparable from a judgment, we think unsound, and is not supported by the cases cited.''

In United States v. Harpootlian et al., 24 F (2d) 646, the Circuit Court of Appeals, Second Circuit, held that a New York statute creating a lien on real estate of judgment debtor for a period of ten years, was applicable to a judgment in favor of the United States, where the state statute contained no provision for extension of time in case the United States was the judgment-creditor.

Other cases might be cited to the same effect as the three foregoing, as shown by annotation in 118 A. L. R., page 932, et seq.

It should be borne in mind that we are dealing only with extinguishment of a judgment lien—not the right to sue and renew a judgment. The last question is not before us.

Affirmed.