See also 141 F.Supp. 385.

Solomon FRIED, Plaintiff,

v.

UNITED STATES of America and New York Life Insurance Company, Defendants.

Civ. A. No. 14838.

United States District Court
E. D. New York.

Oct. 31, 1955.

Morris K. Siegel, New York City, By Vincent J. Crowe, New York City, of counsel, for plaintiff.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., By Elliott Kahaner, Asst. U. S. Atty., Brooklyn, N. Y., George T. Rita, Sp. Asst. to Atty. Gen., for defendant, United States of America.

Harry J. McCallion, New York City, By Harry F. X. Hamner, New York City, of counsel, for defendant New York Life Ins. Co.

INCH, Chief Judge.

This consolidated action is a consolidation of an action by Solomon Fried against United States of America and New York Life Insurance Company, to recover from New York Life Insurance Company the proceeds of total disability benefit payments under certain life insurance policies issued to Solomon Fried by New York Life Insurance Company, on the ground that Solomon Fried is entitled to said proceeds, and an action by United States of America against New York Life Insurance Company and Solomon Fried, to recover from New York Life Insurance Company the said proceeds under said policies, on the ground that United States of America is entitled to said proceeds because Solomon Fried is indebted to United States of America for tax arrears in a sum in excess of said proceeds.

Three motions are before this Court; a motion by plaintiff, Solomon Fried, for summary judgment, on the complaint, in favor of said plaintiff and against defendants, United States of America and New York Life Insurance Company, in the sum of $3,695.50, part of said proceeds, heretofore paid into this Court; a cross-motion by defendant, United States of America, for summary judgment, dismissing the complaint, on the ground that the Court is without jurisdiction of said defendant, for the reason that there is no statutory provision by which said defendant consents to be sued in this type of action; and a cross-motion by defendant, United States of America, for summary judgment, on its cross-claim, in favor of said defendant and against plaintiff, Solomon Fried, in said sum of $3,695.50, part of said proceeds, heretofore paid into this Court.

With respect to the cross-motion by defendant, United States of America, for summary judgment, dismissing the complaint: said defendant did not object to the application for consolidation of said actions and waived notice of settlement of the order consolidating said actions, which was made for the specific purposes of avoiding the technical objection to the Court's jurisdiction of said defendant and of disposing of said issue of jurisdiction and leaving the sole issue as to whether plaintiff, Solomon Fried, or defendant, United States of America, is entitled to said proceeds. This motion completely ignores the substance and spirit of the order of consolidation, in that it is based on the assumed continued separate existence of the actions which have been consolidated by said order, and violates the specific purposes of said order, in that it attempts to raise said objection and attempts to create said issue of jurisdiction. Therefore, this motion is denied.

488

With respect to the motion by plaintiff, Solomon Fried, for summary judgment, on the complaint, and the cross-motion by defendant, United States of America, for summary judgment, on its cross-claim: There is no issue of fact. The sole issue is one of law, to wit, whether plaintiff, Solomon Fried, or defendant, United States of America, is entitled to the proceeds of total disability benefit payments under said policies. Subdivision 2 of Section 166 of the New York Insurance Law, McKinney's Consol. Laws, c. 28, provides, in part, that "no money or other benefits payable or allowable under any policy of insurance against disability, arising from accidental injury or bodily infirmity or ailment of the person insured, shall be liable to execution for the purpose of satisfying any debt or liability of the insured * * *." This statute is an exemption statute and, as such, must be liberally construed and the interests of an insured in policies are to be construed, whenever possible, so as to come within the exemptions of the statute. Dellefield v. Block, D.C.S.D.N.Y., 40 F.Supp. 616. Applying said rule to the instant case, the language of this statute indicates that the moneys payable to plaintiff, Solomon Fried, under the policies herein against his total disability come within the exemptions of the statute. Furthermore, the holdings of the United States Supreme Court, in Fink v. O'Neil, 106 U.S. 272, 1 S.Ct. 325, 27 L.Ed. 196, and Custer v. McCutcheon, 283 U.S. 514, 51 S.Ct. 530, 75 L.Ed. 1239, that the exemption statutes of Wisconsin and Idaho are binding on the United States of America, and the statements of Congress, in the Senate and House Reports of the bill which was enacted as the Internal Revenue Code of 1954, concerning Section 6334 thereof, 26 U.S.C.A. § 6334, that said section is not intended to make any change with respect to the status of life insurance policies insofar as levy thereon is concerned, and the salutary public purpose of exemption statutes, to wit, the protection of disabled persons, by securing to them a modicum of income for their primitive needs, free from claims against them, and the rule that such statutes should be given an interpretation that will not defeat their purpose, Oleck on Debtor Creditor Law; Abrams v. Parker, Sup.; 41 N.Y.S.2d 434, persuade me to hold that this exemption statute of New York is binding on the United States of America and the moneys payable to plaintiff, Solomon Fried, under the policies herein against his total disability are exempt from levy by the United States of America. It follows that, as a matter of law, plaintiff, Solomon Fried, is entitled to the proceeds of total disability benefit payments under the policies herein and defendant, United States of America, is not entitled to said proceeds under said policies and plaintiff, Solomon Fried, is entitled to judgment, on the complaint, and defendant, United States of America, is not entitled to judgment on its cross-claim. Therefore, the motion by plaintiff, Solomon Fried, for summary judgment, on the complaint, is granted and the cross-motion by defendant, United States of America, for summary judgment, on its cross-claim, is denied.

The foregoing determination with respect to said motions, now before this Court, apply only to the total disability benefit payments under the policies herein and is not intended and shall not be deemed to, in any way, affect the principal amounts of said policies, which principal amounts, under said policies, remain separate and distinct from the total disability benefit payments thereunder.

Settle orders, on each motion.