Percy Leroy **MATTHEWS** et al.,
Plaintiffs,

v.

The **HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES AND ASSIGNS**, Immediate and remote, known and unknown **OF** Josephine Roberts **MATTHEWS**, Deceased, et al., Defendants.

**Civ. No. 73-226.**

United States District Court,
E. D. Oklahoma,
Civil Division.
Feb. 13, 1974.

G. Wendell Cathey, Durant, Okl., for plaintiffs.

Richard Pyle, U. S. Atty., Muskogee, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

This action was commenced in the District Court of Coal County, Oklahoma to quiet title to certain real property in said County described as follows:

The North Half of the North Half of Section 14, Township 1 North, Range 9 East.

The United States of America was joined as a Defendant in said action because two Judgments have been taken by the United States in this Court against Josephine Roberts Matthews and Oscar Hugh Matthews which Judgments are claimed to be a cloud on the title to the property in question. The first Judgment in the amount of $449.74 in case number 3448 Civil was filed May 29, 1953 and the second Judgment in the amount of $2,235.00 in case number 3592 Civil was filed October 29, 1953. The Petition alleges the property in question was owned by Josephine Roberts Matthews until her death on or about September 3, 1965, under an original allotment to her as a Chickasaw Indian. Oscar Hugh Matthews who died January 6, 1966 was her surviving spouse and the Plaintiffs allege they are the seven surviving children of the Judgment Debtors, both of whom it is claimed died intestate. Plaintiffs allege said Judgments have become dormant due to failure of the United States as judgment creditor to cause execution to issue every five years in accordance with the laws of Oklahoma. Plaintiffs seek a decree against the United States that said Judgments are null and void and should be cancelled and extinguished.

The United States has removed the action to this Court under the provisions of 28 U.S.C. §§ 1441(c) and 1444. The United States has filed its Answer in which it admits the Judgments in question are dormant but denies they have become null and void.

The United States has filed a Motion for Summary Judgment claiming this Court lacks jurisdiction over the United States concerning the subject matter. It alleges that the original State Court action is one falling under the provisions of 28 U.S.C. § 2409a which provides:

"The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights. This section does not apply to trust or restricted Indian lands, nor does it apply to or affect actions which may be or could have been brought under sections 1346, 1347, 1491, or 2410 of this title, sections 7424, 7425, or 7426 of the Internal Revenue Code of 1954, as amended (26 U.S.C. 7424, 7425, and 7426), or sec-

tion 208 of the Act of July 10, 1952 (43 U.S.C. 666)."

The United States bases this contention on an assertion that the Judgments in question could possibly be the basis for a new lawsuit and a new Judgment which could ultimately become a new lien on the property in question. The United States asserts that actions under this section can only be initiated in the United States District Court and thus jurisdiction herein is defective because this action was commenced in the State Court.

To the contrary, Plaintiffs urge that this suit was properly commenced as a quiet title suit under the provisions of 28 U.S.C. § 2410 which provides:

> "Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
>
> (1) to quiet title to,
>
> (2) to foreclose a mortgage or other lien upon,
>
> (3) to partition,
>
> (4) to condemn, or
>
> (5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien."

The Plaintiffs have filed their own Motion for Summary Judgment asserting that as the United States has admitted the Judgments in question are dormant, the Plaintiffs are entitled to a decree that same do not constitute liens on the property in question.

■ The Court finds and concludes that this action was properly commenced in the District Court of Coal County, Oklahoma under the provisions of 28 U.S.C. § 2410 as it is a quiet title suit in which Plaintiffs seek to have the Judgments of the United States removed as a cloud (judgment liens) on the title to the property in question. The assertion that the fact that the United States could obtain a new Judgment based on the Judgments in question and that this constitutes an interest in the property under 28 U.S.C. § 2409a is invalid because the same is a mere expectancy and constitutes no valid present interest in or claim to the property in question. The Motion for Summary Judgment of the United States should be overruled.

Judgments in United States District Courts constitute judgment liens in accordance with 28 U.S.C. § 1962 which provides:

> "Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, *and shall cease to be a lien in the same manner and time . . .*" (Emphasis supplied)

The applicable provisions of State law are found in 12 Oklahoma Statutes 1971 § 735 which provides:

> "If execution shall not be sued out within five years after the date of any judgment that now is or may hereafter be rendered, in any court of record in this State, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor: Provided that this section shall not apply to judgments against municipalities. R.L.1910, § 5153."

■ Judgments in favor of the United States are subject to the same provisions concerning execution and dormancy as those in favor of private litigants. Custer v. McCutcheon, 283 U.S. 514, 51 S.Ct. 530, 75 L.Ed. 1239 (1931). This Court takes judicial notice of the records of the Clerk of this Court and notes that the last execution issued in

Case No. 3448 Civil was October 25, 1958 and that the last execution issued in Case No. 3592 Civil was April 9, 1959. Thus, the Judgments in both cases have become dormant and have ceased to operate as liens on the property of the Judgment Debtors under the laws of Oklahoma. However, such judgments do not become null and void as a result of the United States allowing them to become dormant. In Custer v. McCutcheon, *supra*, the United States Supreme Court said:

".  .  . The time limited for issuing executions is, strictly speaking, not a statute of limitations. On the contrary, the privilege of issuing an execution is merely to be exercised within a specified time, as are other procedural steps in the course of a litigation after it is instituted. The plaintiff is not precluded from bringing an action upon the judgment, but merely from having an execution in the form provided by state law."

And in Schodde v. United States, 69 F. 2d 866 (Ninth Cir. 1934) which is companion to Custer v. McCutcheon, *supra*, it was held:

"In its memorandum opinion the court pointed out that the Supreme Court in the case of Custer v. McCutcheon, 283 U.S. 514, 51 S.Ct. 530, 75 L.Ed. 1239, held that the plaintiff here was not precluded from bringing an action upon the judgment, but merely from having execution in the form provided by state law."

\*      \*      \*      \*      \*      \*

"The holding of the Supreme Court against the issuance of an execution upon this judgment has no bearing upon the statute of limitations; the issuance of the execution was a matter of procedure outlined by the state statute. *That an execution could not be issued did not abrogate the judgment.* The Supreme Court in the case of Custer v. McCutcheon, supra, which made the ruling upon the execution in this case, in its opinion indicated that the proper procedure to secure satis-

faction would be to bring a suit upon the original judgment. The sovereign is not bound by a statute of limitation unless it so indicates by statute. No authority is cited where the United states has indicated its purpose to be bound by the statute of limitations of the state of Idaho." (Italics supplied)

The Court therefore finds and concludes that Defendant, the United States of America, has no lien against the real property heretofore described in Coal County, Oklahoma, arising from the Judgments obtained in Cases No. 3448 Civil and No. 3592 Civil in this Court, the United States admits this, and Plaintiff's Motion for Summary Judgment to this effect should be sustained in accordance with this finding and conclusion.

The United States has not filed a Motion for Summary Judgment in its favor on the issue of whether the said Judgments are null and void. However, the undisputed facts now before this Court conclusively show that as a matter of law the Judgments in favor of the United States in Cases No. 3448 Civil and No. 3592 Civil are not null and void, Custer v. McCutcheon, *supra,* and Summary Judgment is granted in favor of the Defendant United States of America on this point on Motion of the Court sua sponte. Walters v. Dunlap, 250 F.Supp. 76 (W.D.Pa.1965).

This case was removed from the State Court in accordance with the provisions of 28 U.S.C. § 1441(c) which provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The only issues in this case which made same removable to this Court were

the ones between the Plaintiffs and the Defendant United States as to whether said Judgments are liens against the property involved and whether said Judgments are null and void. These are separate and independent claims within the meaning of 28 U.S.C. § 1441(c), *supra,* and both issues have been decided herein. All other issues or matters in the case were not within the original jurisdiction of this Court, and in its discretion, the case is now remanded as to these issues to the State Court from which it was removed. 28 U.S.C. § 1441(c). The Clerk of this Court is directed to effect said remand.