James H. BIVINGS et ux., Plaintiffs,

v.

Scott GRIGSBY et al., Defendants.

No. 77–205–C.

United States District Court, E. D. Oklahoma.

Dec. 20, 1977.

John E. Shipp, Idabel, Okl., for plaintiffs.

Betty O. Williams, Asst. U. S. Atty., Muskogee, Okl., for defendants.

## ORDER GRANTING SUMMARY JUDGMENT

MORRIS, Chief Judge.

This action is before the court on plaintiffs' motion for summary judgment as against the defendant United States of America. Plaintiffs have filed a brief in support of their motion and the United States has filed a response.

This quiet title action was originally commenced in the District Court of McCurtain County, Oklahoma, and was removed to this court by the United States pursuant to 28 U.S.C. § 1441. Since this is a quiet title action coming under the provisions of 28 U.S.C. § 2410, the action is also properly removed to this court pursuant to 28 U.S.C. § 1444.

Plaintiffs contend that they are entitled to summary judgment quieting their title to the real property involved herein as against the defendant United States and determining that the United States has no interest in or lien upon the real property involved. Any interest which the United States may claim in the real property is based on a judgment rendered in this court in case No. 6427 on May 25, 1922. Exhibit B to Plaintiffs' Brief. Plaintiffs state, and the United States admits, that no executions have ever been issued on that judgment. Plaintiffs contend that the judgment is dormant and does not operate as a lien upon the real property involved, and that tax deeds issued subsequent to the judgment cut off any interest the United States may have had in the realty by virtue of its judgment.

Defendant United States responds that the county tax deeds did not cut off any interest the United States had in the real estate, and that summary judgment is therefore inappropriate. Defendant relies on *United States v. Roessling*, 280 F.2d 933 (5th Cir. 1960). In that case the Fifth Circuit reversed the trial court's holding that a real estate mortgage lien held by the United States pursuant to a loan made under the Emergency Relief Appropriation Act of 1935, 49 Stat. 115, was subordinate to a county tax lien and, accordingly, was extinguished by a state judicial proceeding to quiet title to the property. 280 F.2d at 935. It was in the context of the clash between the federal mortgage lien and the county tax lien that the Fifth Circuit said:

No state or county can tax the property interests of the United States in the absence of congressional consent. *United*

*States v. Allegheny County*, 1944, 322 U.S. 174, 191, 64 S.Ct. 908, 88 L.Ed. 1209. There is no constitutional prohibition against a state or county assessing taxes against property on which the United States holds a lien on the basis of the full value of that property, but, in the absence of congressional consent, the state or county is without authority to enforce the collection of the taxes thus assessed so as to destroy the pre-existing federal lien. *City of New Brunswick v. United States*, supra, 276 U.S. 547, 566, 48 S.Ct. 371, 72 L.Ed. 693; *S.R.A., Inc. v. State of Minnesota*, 1946, 327 U.S. 558, 569, 66 S.Ct. 749, 90 L.Ed. 851; compare *Bancroft Inv. Corporation v. City of Jacksonville*, 1946, 157 Fla. 546, 27 So.2d 162. 280 F.2d at 936. *Roessling* is inapplicable to the situation presented in the case at bar. The United States' interest in the real property involved herein is sought to be based not on any federal lien but on the 1922 judgment in this court. The United States is therefore a judgment creditor, and if it has any lien on the realty, it must be a judgment lien.

█ Federal district court judgments constitute judgment liens in accordance with 28 U.S.C. § 1962 (1970). That section provides:

Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time. Whenever the law of any State requires a judgment of a State court to be registered, recorded, docketed or indexed, or any other act to be done, in a particular manner, or in a certain office or county or parish before such lien attaches, such requirements shall apply only if the law of such State authorizes the judgment of a court of the United States to be registered, recorded, docketed, indexed or otherwise conformed to rules and requirements relating to judgments of the courts of the State.

The relevant Oklahoma statutes are 12 Okl. Stat. §§ 706 & 735 (1971). Section 706 provides:

Judgments of courts of record of this State, except County Courts, and of the United States rendered within this State, shall be liens on the real estate of the judgment debtor within the county in which the judgment is rendered from and after the time such judgment is entered on the judgment docket, but such judgment shall not be a lien on the real estate of the judgment debtor in any other county in this State until a certified copy of such judgment shall be filed and docketed in such county, as hereinafter provided, and shall not be a lien on the real estate of the judgment debtor in any county in the State, except in all counties where a permanent record of the judgments of the United States Court is kept open to the public, until a certified copy of such judgment shall be filed and docketed in the office of the State District Court Clerk of the county wherein the real estate is situated. An attested copy of the Journal Entry of any such judgment, together with a statement of the costs taxed against the debtor in the case, may be filed in the office of the clerk of the District Court of any county and such judgment shall be a lien on the real estate of the debtor within that county from and after the date of filing and entering such judgment on the judgment docket. The Clerk shall enter judgment on the appearance and judgment dockets in the same manner and within the same time after such judgment is filed in his office as if rendered in the court of which he is clerk. Execution shall only be issued from the court in which the judgment is rendered, or in which a transcript of a county court judgment is first filed.

Section 735 provides:

If execution shall not be sued out within five years after the date of any judgment that now is or may hereafter be rendered, in any court of record in this State, or if five years shall have intervened between the date of the last execu-

tion issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor: Provided that this section shall not apply to judgments against municipalities.

In ruling upon the identical issue here involved Judge Daugherty stated:

Judgments in favor of the United States are subject to the same provisions concerning execution and dormancy as those in favor of private litigants. *Custer v. McCutcheon*, 283 U.S. 514, 51 S.Ct. 530, 75 L.Ed. 1239 (1931). This Court takes judicial notice of the records of the Clerk of this Court and notes that the last execution issued in Case No. 3448 Civil was October 25, 1958 and that the last execution issued in Case No. 3592 Civil was April 9, 1959. Thus, the Judgments in both cases have become dormant and have ceased to operate as liens on the property of the Judgment Debtors under the laws of Oklahoma.

*Matthews v. Heirs, Executors, Administrators, Devisees, Trustees & Assigns of Matthews*, 378 F.Supp. 693, 695–96 (E.D.Okl. 1974). It is undisputed that no execution was ever issued upon the judgment involved in the instant case. The judgment has therefore become dormant and does not operate as a lien upon the real property to which plaintiffs seek to quiet title. It follows that plaintiffs are entitled to summary judgment as against the defendant United States and the court hereby grants plaintiffs' motion for summary judgment.

■ The summary judgment in favor of the plaintiffs and against the United States disposes of the claim which constituted the sole basis for removal of this case from state court. Since the remaining matters are not within this court's original jurisdiction, the court, in its discretion and in accordance with 28 U.S.C. § 1441(c) (1970), hereby remands this case as to the claims and issues, which remain after the granting of the summary judgment above, to the state court from which it was removed. The court clerk is directed to effect the remand. *Matthews v. Heirs, Executors, Administrators, Devisees, Trustees & Assigns of Matthews*, 378 F.Supp. 693, 696–97 (E.D.Okl.1974).