**UNITED STATES of America, Plaintiff,**

**v.**

**John E. PALMER, Jr. and Warren W. Taylor, Defendants.**

**UNITED STATES of America, Garnishor,**

**v.**

**SECURITY TRUST SAVINGS AND LOAN ASSOCIATION, Garnishee.**

**Foreign Judgment No. 157.**

United States District Court, E.D. Tennessee, N.D.

March 11, 1985.

John W. Gill, Jr., U.S. Atty., Nancy Palmer, Asst. U.S. Atty., Knoxville, Tenn., (James J. Brown, Dept. of Justice, Washington, D.C., on brief), for plaintiff.

Bobby L. Pringle, Dallas, Tex., J. Michael Winchester, Knoxville, Tenn., for defendants.

## MEMORANDUM

JARVIS, District Judge.

### FACTS

This matter is before the Court on Motion for Judgment by plaintiff, United States of America ("United States"). The United States asks this Court to enter a judgment to enforce a final judgment entered on August 12, 1976, by the U.S. District Court for the Northern District of Texas, in the matter of United States v. John E. Palmer, Jr. ("Palmer") and Warren W. Taylor ("Taylor"), Civil No. 3–6851–D. The Texas judgment provided that the United States could recover of Palmer and Taylor, jointly and severally, the sum of $671,776 plus additional interest and costs.

On or about February 7, 1985, the United States served a Writ of Garnishment upon Security Trust Savings and Loan Association ("Security") located in Oak Ridge, Tennessee, to garnish certain shares of the common stock of Security which the Chancery Court for Roane County, Tennessee, had declared to be the property of Taylor. In response to the garnishment, the United States received an answer to that Writ of Garnishment wherein Security admitted

that Taylor owned 80,037 shares of the common stock of Security. Thus, the United States is seeking a judgment and order of seizure and sale of the stock owned by Taylor in order to satisfy the Texas judgment, which the United States alleges remains unpaid and amounts to $1,021,422.32 as of February 7, 1985.

The United States seeks to enforce the Texas judgment pursuant to the registration statute, 28 U.S.C. § 1963, having registered a certified copy of the Texas judgment in this Court on February 7, 1985. Defendant Taylor maintains that the aforesaid judgment must be collected through process of the District Court of the Northern District of Texas pursuant to 28 U.S.C. § 2413 and, thus, the United States cannot register the Texas judgment in Tennessee pursuant to 28 U.S.C. § 1963.

### ISSUE

In enforcing its judgments from one district court to another, may the United States avail itself of the registration statute, 28 U.S.C. § 1963, and its remedies available in the latter district, or, is the United States limited in enforcing judgment extra-territorily to use of the long-arm execution from the first district pursuant to 28 U.S.C. § 2413? This appears to be a question of first impression.

### ANALYSIS

A. *Registration Statute, 28 U.S.C. § 1963*

■ In 1948, Congress revised the Judicial Code of the United States and adopted as part of that Code the following registration statute, 28 U.S.C. § 1963:

> A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court

of the district where registered and may be enforced in like manner.

A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.

Some of the primary purposes of § 1963 have been stated as follows:

... to simplify and facilitate the enforcement of federal judgments, at least those for money, to eliminate the necessity and expense of a second lawsuit, and to avoid the impediments, such as diversity of citizenship, which new and distinct federal litigation might otherwise encounter. [Citations omitted.] If for enforcement purposes, registration were to be given a lesser status than a judgment on the judgment, some or all of these purposes are thwarted and the judgment creditor, in order fully to protect himself, must resort to the old and more formal procedure.

*Stanford v. Utley*, 341 F.2d 265, 270 (8th Cir., 1965).

The language of the statute is absolutely clear that once the judgment is registered in the new district, it "shall have the same effect as a judgment of district court of the district where registered ..." Thus, the judgment so registered is no longer a "foreign" judgment. *See, Anderson v. Tucker*, 68 F.R.D. 461 (D.Conn.1975) (California judgment registered in Connecticut under the registration statute, 28 U.S.C. § 1963, so that a requirement of Connecticut law relating to procedures for enforcement of foreign judgments was found inapplicable).

**B.** *Long-Arm Execution Statute, 28 U.S.C. § 2413*

■ Another revision of the Judicial Code in 1948 was the recodification of the long-arm statute which permitted the United States to secure nationwide execution of any judgment for use of the United States. That provision, 28 U.S.C. § 2413 is as follows:

A writ of execution on a judgment obtained for the use of the United States in any court thereof shall be issued from and made returnable to a court which rendered the judgment, but may be executed in any other State, in any Territory, or in the District of Columbia.

This statute was originally enacted[1] in 1797 as part of a statute which provided for the settlement of accounts between the government and private debtors. *United States v. Fisher*, 6 U.S. (2 Cranch.) 358, 397–98, 2 L.Ed. 304 (1805).

■ Long-arm execution under 28 U.S.C. § 2413 is expressly reserved for judgments rendered "for use of the United States". Thus, private litigants do not qualify for this preference. *See, Globe Indemnity Company v. Roe*, 37 F.Supp. 761 (S.D.N.Y. 1941). However, in some situations; a private party can use 28 U.S.C. § 2413, if the basic cause of action is in the United States and the judgment is "for the use of" both parties. *United States ex rel. Marcus v. Lord Electric Company*, 43 F.Supp. 12, 13 (W.D.Pa.1942) (lawsuit instituted by informer but prosecuted by government under authority of statute providing penalty for false claims against government).

**C.** *Comparison of § 1963 with § 2413:*

Section 2413 is an execution statute. It permits the United States to execute any federal court judgment in any district in which the debtor owns property by simply delivering the writ of execution to the local U.S. Marshal. By the words of that statute, that writ of execution must be issued from and made returnable to the court which rendered the judgment.

On other hand, § 1963 is a registration statute. It permits the judgment to be

---

**1.** The statute originally provided as follows:

that all writs of execution upon any judgments obtained for the use of the United States, in any of the courts of the United States, in one state, may run and be executed in any other state, but shall be issued from, and made returnable to, the court where the judgment was obtained.

*United States v. Morris*, 23 U.S. (10 Wheat.) 246, 281, 6 L.Ed. 314 (1825) *quoting* Act of March 3, 1797, 1 Stat. Sec. 515, Rev.Stat. Sec. 986.

registered in any district in which the debtor's property is located. The registered judgment is then treated as if it were a judgment of the court of registration—as stated earlier, it is no longer a "foreign" judgment. Following registration, a judgment creditor may secure a writ of execution from the registering court and deliver it to the local Marshal for execution. Of course, if a judgment is not fully satisfied in that district, it can then be registered in other districts until satisfaction is achieved. Obviously, this procedure requires the intermediate step of registering the judgment in each district prior to execution.

■ In contrast, § 2413 does not require registration prior to direct execution from the court of judgment to any district in the country. Therefore, execution under § 2413 would appear to be accomplished more quickly than under § 1963 because § 2413 execution bypasses any local registration requirement and can be implemented immediately, *i.e.*, as soon as possible under local practice, following issuance of judgment without awaiting expiration of appellate rights whereas execution under § 1963 is available by statute only for a district court judgment which has become final. *In re: Professional Air Traffic Controllers Organization*, 699 F.2d 539, 545 (D.C.Cir.1983); *Urban Industries, Inc. of Kentucky v. Thevis*, 670 F.2d 981 (11th Cir.1982).

■ Both sections require application of local law governing execution and other supplemental proceedings, such as time limitations on the life of a judgment and the exemption of certain kinds of property from execution. *Wayman v. Southard*, 23 U.S. (10 Wheat.) 1, 47–48, 6 L.Ed. 253 (1825) (state law applicable to federal executions); *Fink v. O'Neil*, 106 U.S. 272, 1 S.Ct. 325, 27 L.Ed. 196 (1882) (judgments in favor of United States under § 2413 subject to same state law exemptions as those in favor of private litigants); *Custer v. McCutcheon*, 283 U.S. 514, 515–519, 51 S.Ct. 530, 530–532, 75 L.Ed. 1239 (1931) (state statute of limitations on execution); *Matthews v. Heirs*, 378 F.Supp. 693 (E.D.

Okla.1974) (judgments in favor of the United States subject to same provision concerning execution and dormancy as those in favor of private litigants); *Juneau Spruce Corporation v. Longshoremen's Union*, 128 F.Supp. 697, 704 (D. Hawaii 1955) (dormancy).

■ However, the effect of applying local law is different in each case. Under § 2413, the law of the state in which the court of judgment sits controls execution proceedings, even if the execution is actually made in another state. For example, execution proceedings in Maryland on a district court judgment issued in the District of Columbia would proceed according to the District of Columbia law. *See, United States v. Thornton*, 672 F.2d 101 (D.C. Cir.1982). In contrast, under § 1963, the law of the state in which the court of registration sits controls the proceedings. Thus, a District of Columbia judgment registered in Maryland would be executed according to Maryland law. *See, Juneau Spruce Corporation, supra*, 128 F.Supp. at 705. It would, therefore, appear that Congress provided through § 1963 a method for registering judgments in other districts in which the debtor had property but without the necessity of a new lawsuit. *Id.*

## CONCLUSION

■ It is the opinion of this Court that the mechanism provided by § 2413 is exclusive to the United States (or for the use of both the United States and a private litigant if the basic cause of action is in the United States). It is the further opinion of this Court that the mechanism provided for in § 1963 may be used by all judgment creditors recovering judgments in federal district courts, including the United States. If the United States elects to register a judgment under the registration statute, 28 U.S.C. § 1963, then it may clearly do so. Thus, if the judgment is valid in the original rendering district, then the registration will be valid in the registering district. The United States should be in no worse position than any private litigant and there-

fore should be able to employ the provisions of 28 U.S.C. § 1963.

In the instant case, the United States registered its 1976 Texas judgment in Tennessee, pursuant to § 1963. This judgment should be treated as if it were an original judgment rendered in Tennessee.

Therefore, the Court finds that the Motion for Judgment filed by the United States is proper and, thus, defendant Taylor's stock should be seized and sold to satisfy the judgment so registered in Tennessee. All other objections raised by defendant Taylor in his response are hereby also overruled.

For the foregoing reasons, it is ORDERED that the United States' Motion for Judgment be and the same hereby is GRANTED and the case is DISMISSED.

Order accordingly.