In re Leonard E. PIERCE and
Gayle S. Pierce, Debtors.

UNITED STATES of America, Plaintiff,

v.

Leonard E. PIERCE and Gayle
S. Pierce, Defendants.

Bankruptcy No. 84–01271–8–TMM.
Adversary No. M–84–00188–8–AP.

United States Bankruptcy Court,
E.D. North Carolina,
Raleigh Division.

Nov. 7, 1997.

Rudolph A. Renfer, Jr., Paul M. Newby, Assistant U.S. Attorneys, Raleigh, NC, for United States.

Michael Ryan Dyson, Layton, Dyson & Carraway, P.A., Raleigh, NC, for Debtor/Defendant.

## ORDER TERMINATING PRELIMINARY INJUNCTION AND DENYING REQUEST FOR PERMANENT INJUNCTION

A. THOMAS SMALL, Chief Judge.

There are two matters before the court: the objection by the plaintiff, the United States of America, to the exemptions claimed by the defendant, Gayle S. Pierce, and the final hearing on the request of the United States for an injunction. The hearing was held on October 22, 1997, in Raleigh, North Carolina.

Leonard E. Pierce and Gayle S. Pierce filed a joint chapter 7 petition on August 24, 1984. The United States filed an adversary proceeding objecting to the debtors' discharge and for a determination that Mr. and Mrs. Pierce's obligation to the United States Farmer's Home Administration was nondischargeable. The court allowed the debtors' discharge, but held that the debt to the FmHA was nondischargeable, and a judgment was entered on April 25, 1985, in favor of the United States in the amount of $40,-757.85 plus interest at the per annum rate of 9.15%. *United States v. Pierce (In re Pierce)*, No. M–84–01271–MN2 (Bankr.E.D.N.C. April 25, 1985).

Mr. Pierce died on August 6, 1996, and Mrs. Pierce was the beneficiary of an insurance policy of approximately $52,000. The United States had not been able to collect its

judgment, but on July 25, 1997, asked this court to enjoin Mrs. Pierce from disposing of $15,000 that is the remaining portion of the insurance proceeds. A restraining order was entered the same day, and Mrs. Pierce transferred $15,000 to her attorney's trust account. On August 1, 1997, the clerk of this court issued a notice of post judgment execution.

A hearing was held on August 11, 1997, to determine whether the restraining order should be continued, and on September 5, 1997, the court entered a preliminary injunction requiring Mrs. Pierce's attorney to retain the $15,000. The court did, however, allow $3,500 to be released to Mrs. Pierce based on the representation that the funds were needed for automobile repairs and that at least $3,500 would be exempt under Mrs. Pierce's "wildcard exemption."

■ The United States contends that by mentioning the "wildcard exemption" Mrs. Pierce elected to claim her exemptions under North Carolina law rather than under the exemptions provided by 11 U.S.C. § 522(d).[1] The court disagrees. Mrs. Pierce could have claimed a "wildcard exemption" under either North Carolina exemption law, N.C. GEN. STAT. § 1C–1601(a)(2), or under the federal bankruptcy exemptions, 11 U.S.C. § 522(d)(5), and the court finds that no election was made at the hearing on August 11, 1997.

■ The more significant issue is whether the preliminary injunction should be continued. The United States maintains that the insurance proceeds should be protected so that they can be executed upon to satisfy the United States' judgment. Mrs. Pierce argues that the injunction should not be continued because the United States is prohibited from executing on the insurance proceeds because its judgment is too old. The court agrees with Mrs. Pierce.

The United States is proceeding under the Federal Debt Collection Procedure Act of 1990, 28 U.S.C. §§ 3001–3308 (1994) ("FDCPA"), which provides the "exclusive

---

1. North Carolina has opted out of the federal bankruptcy exemptions, but the defendants are entitled to claim exemptions under 11 U.S.C. § 522(d) in proceedings under the Federal Debt Collection Procedure Act. 28 U.S.C. § 3014(a)(1).

civil procedure" for the United States to recover a judgment, 28 U.S.C. § 3001(a)(1), except to the extent that another Federal law applies. 28 U.S.C. § 3001(b).[2] The United States has not shown that any Federal law other than the FDCPA applies.

28 U.S.C. § 3003(f) provides that "the Federal Rules of Civil Procedure shall apply with respect to actions and proceedings under [the FDCPA]" except to the extent inconsistent with that chapter.

Rule 69(a) of the Federal Rules of Civil Procedure provides that the "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution," and that "execution shall be in accordance with the practice and procedure of the state in which the district court is held, ... except that any statute of the United States governs to the extent that it is applicable."

There is no dispute that the applicable state law is the law of the State of North Carolina. North Carolina General Statute § 1–306 provides that a judgment creditor may enforce a judgment by execution, but that "no execution upon any judgment which requires the payment of money or the recovery of personal property may be issued at any time after ten years from the date of the rendition thereof[.]" The United States' judgment was entered on April 25, 1985, over 12 years ago, and execution to collect that judgment would not be permitted under North Carolina law.

■ 28 U.S.C. § 3201(a) provides that a judgment in favor of the United States in a civil action creates a lien on all of the judgment debtor's real property upon an appropriate filing of the judgment, and 28 U.S.C. § 3201(c) provides that the lien on real property is effective for 20 years and that the lien may be renewed for one additional 20–year period. This provision of the FDCPA supersedes the limitations imposed on execution by North Carolina law, but only applies with respect to a judgment lien on real property.

In this proceeding the United States is attempting to collect its judgment from Mrs. Pierce's personal property, and the 20–year rule of 28 U.S.C. § 3201(c) is not applicable.

■ The United States has been unable to point to any section of the FDCPA or any other Federal statute that would preclude the application of Rule 69 of the Federal Rules of Civil Procedure or North Carolina General Statute § 1–306. The United States contends that it is not bound by state statutes of limitation, but North Carolina General Statute § 1–306 is not a statute of limitation, it is a limitation on the judgment creditor's ability to execute on its judgment.[3] *See, United States v. Peoples Household Furnishings, Inc.,* 75 F.3d 252 (6th Cir.1996) (involving a judgment not subject to FDCPA) (quoting *Custer v. McCutcheon,* 283 U.S. 514, 519, 51 S.Ct. 530, 532, 75 L.Ed. 1239 (1931)).

Because the United States is precluded by the provisions of North Carolina General Statute § 1–306 (made applicable by Rule 69 of the Federal Rules of Civil Procedure and 28 U.S.C. § 3003(f)) from executing on Mrs. Pierce's insurance proceeds to collect its 12–year–old judgment, there is no reason to continue the injunction.

Accordingly, the preliminary injunction is terminated, and the United States' request for a permanent injunction is **DENIED.**

**SO ORDERED.**

---

**2.** The provisions of the FDCPA apply to judgments entered before May 28, 1981 (10 years before the effective date of the statute which was 180 days after Nov. 29, 1990, see Pub.L. No. 101–647, § 3631, 104 Stat. 4936 (1990)). 28 U.S.C. § 3005.

**3.** North Carolina General Statute § 1–47(1) is a true statute of limitations, which establishes a 10–year limitation on the commencement of a new cause of action on a prior judgment.