**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 19, 2006**

Charles R. Fulbruge III
Clerk

**REVISED MARCH 7, 2007**

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————

No. 05-51772

————————

EDDIE L ANDREWS; ARTHUR MORRIS JOHNSON; HERBERT
C PERKINS; JAMES E PHIPPS, SR,

Plaintiffs - Appellants,

versus

ROADWAY EXPRESS INC,

Defendant - Appellee.

Appeal from the United States District Court
For the Western District of Texas

Before JONES, Chief Judge, and DAVIS and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

In 1985, Roadway Express ("Roadway") settled a class action discrimination lawsuit with its

Black and Hispanic employees. The district court issued an Order approving the Consent Decree,

and this Court affirmed. Four members of the class now bring suit in federal court to enforce the

Order and to recover back-pay and interest under its terms. The magistrate judge determined that,

under Texas law, appellants are time-barred from enforcing the Consent Decree. We affirm.

I

In 1971, Black and Hispanic truck drivers in San Antonio, Texas, filed an employment discrimination suit against Roadway under Title VII and 42 U.S.C. § 1981, alleging that the company maintained dual seniority systems and made hiring and assignment decisions based on race and national origin. The case was certified as a class action in the district court. After a long history of extensive discovery, various orders, and appeals, the case eventually settled. As Rule 23(e)(1) requires court approval of class action settlements, the district court entered an "Order Approving Proposed Consent Decree and Final Judgment" in 1985. Forty-two members of the 200-person class, including one of the appellants in this case, appealed the Order and lost. *See Salinas v. Roadway Express, Inc.*, 802 F.2d 787 (5th Cir. 1986), *cert. denied*, 479 U.S. 1103 (1987).

Seventeen years after the Supreme Court denied review of the Order, Eddie Andrews, Arthur Johnson, Herbert Perkins, and James Phipps ("appellants") filed the present suit in district court. They seek to recover back-pay benefits and interest under the Consent Decree, in the respective amounts of $50,000, $6,000, $2,700, and $40,000. A magistrate judge granted summary judgment in favor of Roadway, holding that the 1985 Order was dormant under Texas law, see TEX. CIV. PRAC. & REM. CODE ANN. § 34.001 (providing that a writ of execution must issue within ten years of the date of judgment), and that, as a result, he was without power to issue a writ of execution.[1] Further, the court held that the statute of limitation on suits to revive dormant judgments had passed. *Id.* § 31.006 (providing that execution may not be issued unless the judgment is revived by an action brought within two years following the date on which the judgment became dormant). Plaintiffs now

---

[1] Both parties agreed to trial by magistrate.

appeal summary judgment.

II

This Court reviews an order granting summary judgment *de novo*. *Wyatt v. Hunt Plywood Co.*, Inc., 297 F.3d 405, 408 (5th Cir. 2002). Summary judgment should be granted only when there is "no genuine issue as to any material fact." FED. R. CIV. P. 56(c); *Wyatt*, 297 F.3d at 408-09.

A

Appellants first contend that Texas law governing the execution of judgments is inapplicable to the 1985 Order. They argue alternatively that even if Texas law does apply, it would have been impossible for them to comply with its requirements. We find neither of these arguments to have merit.

To enforce a judgment, judgment creditors must file a writ of execution in accordance with the "practice and procedure of the state in which the district court is held." FED. R. CIV. P. 69(a).[2] Time limits for writs of execution are procedural in nature and are governed by state law. *See Home Port Rentals, Inc. v. Int'l Yachting Group, Inc.*, 252 F.3d 399, 406-09 (5th Cir. 2001) (applying Louisiana's 10-year limitation for enforcement of judgment in a securities fraud case); *Kellum*, 523 F.2d at 1284 (applying Mississippi statute of limitation to U.S. enforcement of consent decree against

---

[2] We have always held that a consent decree approved by judicial order is a "judgment" for the purposes of Rule 69(a). *See Kellum*, 523 F.2d at 1287 (applying Rule 69(a)'s writ of execution to enforce a consent decree because the "consent judgment for the recovery of money owed the United States, the amount of which is not in dispute, embraced all of the attributes commonly accorded a judgment, as much so as if it had been the result of litigation."); *see also United States v. City of Miami, Fla.*, 664 F.2d 435, 439 (5th Cir. 1981) ("A consent judgment has the same force and effect as any other judgment . . . .") (internal quotations omitted); *United States v. Chromalloy Am. Corp.*, 158 F.3d 345, 349 (5th Cir. 1998) (A consent decree "functions as an enforceable judicial order.").

individuals on unpaid debt).[3]

Appellants contend that state law does not apply to them because the 1985 Order "directed otherwise." FED. R. CIV. P. 69(a) ("Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise.") In support of their argument, appellants point to language in the Order whereby the district court expressly retained jurisdiction to enforce the parties' settlement agreement:

> the Court shall retain jurisdiction of this matter for the sole, express and limited purposes of: (1) enforcing and/or interpreting the terms of this Decree as previously set forth in Section VI hereof . . . .

Appellants do not cite, and we have not found, any authority supporting their assertion that the district court's retention of continuing jurisdiction to enforce its judgment is tantamount to electing a process of enforcement other than execution according to state law. Instead, appellants confuse the district court's jurisdiction to enforce the judgment)) which no party disputes)) with the procedures by which the district court will enforce it. Moreover, we hesitate to interpret the Order's language so broadly as to override Rule 69(a)'s standard writ of enforcement procedures, especially since Rule 69(a)'s "otherwise" clause is to be construed narrowly. *See Aetna Cas. & Sur. Co. v. Markarian*, 114 F.3d 346, 349 (1st Cir. 1997); *Combs,* 785 F.2d at 980; *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983) ("[W]e do not interpret the exception to execution to permit

---

[3] Although appellants and this Court have referred to time-limits for bringing a writ of execution as "statutes of limitation," the Supreme Court has held that time limits for enforcement of judgments are procedural in nature and not traditional statues of limitation. *Custer v. McCutcheon*, 283 U.S. 514, 519 (1931) ("The time limited for issuing executions is, strictly speaking, not a statute of limitations. On the contrary, the privilege of issuing an execution is merely to be exercised within a specified time, as are other procedural steps in the course of a litigation after it is instituted."); *see also* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3013 (2d ed. 1987).

a federal court to 'enforce a money judgment by . . . methods other than a writ of execution, except in cases where established principles so warrant.'") (*quoting* 7 J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE ¶ 69.03[2] (2d ed. 1982)). Accordingly, the district court's mere retention of continuing limited jurisdiction to enforce a final judgment does not trigger the "otherwise" clause of Rule 69(a).

Accordingly, we apply Texas's procedures for writs of enforcement to the instant action.

B

Applying Texas's time-limits, we agree with the magistrate judge that appellants' enforcement action was filed too late. A judgment is "dormant" if no writ of execution is issued within ten years after the date of the judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 34.001. Thereafter, execution may not be issued unless the dormant judgment is "revived" by an action brought within two years after the date on which the judgment became dormant. *Id.* § 31.006. Execution of a dormant judgment that is not timely revived is barred forever. *See Williams v. Short*, 730 S.W.2d 98, 100 (Tex. App.-Houston 1987) (holding judgment to be barred forever if not properly revived under § 31.006) (*citing Arroyo Colo. Navigation Dist. of Cameron v. Young*, 285 S.W.2d 308, 309 (Tex. Civ. App.-Austin 1956)). Under Texas law, appellants had ten years to execute their judgment and two years after that to revive and execute it. Appellants did not attempt to collect from the defendant until seventeen years after the judgment became final on appeal.[4] Therefore, they can no longer bring a writ of execution.

---

[4] The time-limit for enforcement began to run when the Supreme Court denied review of the judgment. *See John F. Grant Lumber Co. v. Bell*, 302 S.W.2d 714 (Tex.Civ.App.-Eastland 1957). Therefore, the judgment became dormant on February 23, 1997, ten years after the Supreme Court denied *certiorari*. The judgment became forever barred on February 23, 1999, after appellants failed to revive the judgment within two years. Appellants brought this suit on July 9, 2004.

Appellants argue that it would have been futile for them to attempt to comply with Texas procedure because the Order was not sufficiently definite to support the issuance of a writ of execution. In support of this contention, they cite Texas Rules of Civil Procedure which require that an execution describe "the names of the parties in whose favor and against whom the judgment was rendered" and "specify in the body thereof the sum recovered or directed to be paid and the sum actually due when it is issued." TEX. R. CIV. P. §§ 629, 630. Appellants maintain that no writ of execution could issue under Texas law because the Order to be enforced did not include the names of the relevant parties or state the amount of money to be paid.

Appellants' argument is misplaced. For one, even if one assumes that the judgment was too vague for a writ of execution under Texas law, appellants still should have brought an enforcement action in the district court before the time limitation was up. Inability to comply with one aspect of Texas law does not excuse them from the law in its entirety. *See Collins v. Hines*, 99 S.W. 400 (Tex. 1907) (holding that failure to comply absolutely with the requirements does not necessarily destroy the validity of a writ of execution); *Teston v. Brannin*, 261 S.W. 788 (Tex.Civ.App.-El Paso 1924) (holding that substantial compliance with the requirements of a writ of execution is sufficient); *see also Thomas, Head & Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1452 (9th Cir. 1996) (allowing flexibility of state law technical procedures for enforcing judgment); *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993) (explaining that Rule 69(a) was not intended to require application of "every jot and title" of state law). Moreover, appellants misread the requirements for a writ of execution under Texas law. According to the plain language of the Texas Rules of Civil Procedure, the *execution* itself)) not the underlying judgment)) must contain the names of the parties and the sum to be paid. *See* TEX. R. CIV. P. §§ 629, 630. Appellants simply had

to include the requisite names and amounts in their writ in order to enforce the judgment, which they did in their present suit. Failure of compliance is not an excuse for waiting to execute the judgment.[5]

Finally, even if Texas law requires that the judgment itself list the names of the parties and the amount to be paid, the district court's Order was sufficient for issuing a writ of execution. The Order provides:

> [I]n accordance with the provisions of Section VI of the Decree, Defendant Roadway Express, Inc., shall pay to the individuals listed in Exhibit "1" of the Joint Motion for Approval of Individual Calculations of Back-Pay Settlement Amounts filed by Defendant Roadway Express, Inc., and Counsel for the Plaintiffs' Class . . . the sums set forth therein which were approved by Order of this Court dated June 28, 1985 .
> . . .

The judgment's language unambiguously identifies the judgment debtor as "Defendant Roadway Express." *See* 34 TEX. JUR. *Enforcement of Judgments* § 58 (2005) ("The defendant in execution must be so identified as to enable the officer to levy on the property of the judgment debtor and no other."). The parties to be paid are identified by the Order's incorporation of "Exhibit 1 of the Joint Motion for Approval of Individual Calculations of Back-Pay Settlement Amounts filed by Defendant Roadway Express." A list of plaintiffs, by reference, is more than sufficient to file a writ of execution under Texas law. *See Bryan v. Bryan*, 262 S.W.2d 736, 743 (Tex.Civ.App.-Texarkana 1953) (rendering the exact identity of the plaintiff as unnecessary); *Patton v. Crisp & White*, 11 S.W.2d 826, 828 (Tex.Civ.App.-San Antonio 1928 ("The recitation as to the parties plaintiff was

---

[5] In their brief on appeal, appellants point to a personal conversation with the Supervisor of the Post Judgment Department of the Harris County District Clerk's Office for the proposition that her office could not issue a writ of execution on the judgment because it did not state in the body the names of the parties in whose favor and against whom the judgment was rendered, or the amount rendered. In referencing this non-record evidence, appellants misapprehend that the Harris County District Clerk's office in Houston, Texas, has nothing to do with issuing a writ of execution for a federal court judgment. The writ is issued by the federal court who then applies Texas law, none of which depends on the abilities of state court administrative offices.

sufficient to identify the judgment rendered with that referred to in the execution, which was the purpose contemplated in the requirement of the statute."). The amounts to be paid are specified as "the sums set forth" in Exhibit "1." As with the list of plaintiffs, Exhibit 1 was incorporated into the judgment and is sufficient under Texas law to satisfy a writ of execution.

Altogether, it is clear that the 1985 Order was sufficient to support issuance of a writ of execution. Appellants' failure to comply with Texas's time-limits is not legally excusable.

IV

Because we hold that Texas procedures govern enforcement of appellants' judgment and that, under Texas law, the action is dormant and forever time-barred, we AFFIRM.