**FOX PAINTING CO., et al., Petitioners and Cross Respondents,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent and Cross Applicant.**

**Foreign Judgment No. 92–2.**

United States District Court, E.D. Kentucky, at Lexington.

July 24, 1992.

Andrew J. Russell, Smith and Smith, Louisville, Ky., and M. Austin Mehr, Lexington, Ky., for petitioners and cross respondents.

Joseph F. Frankl, Deputy Asst. Gen. Counsel, Contempt Litigation Branch, N.L.R.B., Washington, D.C., for respondent and cross applicant.

ORDER

FORESTER, District Judge.

This matter comes before the Court on the Motions of the Petitioners Fox Painting Co. and Fox Painting and Decorating, Inc. ("Fox"), to Stay Proceedings and Set Aside Registration. The National Labor Relations Board ("NLRB") has responded.

The case is an unfair labor practice case involving a "pre-hire" agreement between a construction industry employer and a painters union. The action began a decade ago after the employer, Fox, repudiated the

agreement. The NLRB found that the repudiation was improper and ordered Fox to pay wages lost between the date of repudiation and the date the employer reached a new agreement with the union or bargained to an impasse. On November 16, 1990, the Sixth Circuit issued an opinion finding Fox was liable for $162,754.74 in backpay, plus interest. *Fox Painting Company and Fox Painting and Decorating, Inc. v. National Labor Relations Board*, 919 F.2d 53 (6th Cir.1990). The Sixth Circuit opinion also grants the NLRB's petition for enforcement.

On March 23, 1992, the NLRB registered a copy of the Sixth Circuit Opinion as well as the judgment and certified copy of the order of the NLRB enforced by the Sixth Circuit. With this registration, the judgment was entered in this Court as Judgment 92–2.

On April 10, 1992, the Clerk of this Court certified abstracts of Judgment 92–2 which the NLRB then filed in Woodford and Fayette Counties, obtaining liens on all real property of Fox.

On April 24, 1992, Fox filed a Motion pursuant to Fed.R.C.P. 62(b) to Stay Proceedings to Enforce the Judgment and for an emergency hearing, asserting that this Court is without authority to enter or register a foreign judgment enforcing the Sixth Circuit's decision.

Fox also filed a Motion to Set Aside the Registration of Order and Judgment. In that memorandum, Fox asserts three grounds in support of its contention that the Registration of the foreign judgment should be set aside.

■ First, it argues that the registration of the Sixth Circuit judgment is not authorized by 28 U.S.C. § 1963. Fox alleges that by its own terms, 28 U.S.C. § 1963 applies only to judgments entered in "any district court or in the Court of International Trade." Therefore, Fox argues, the Sixth Circuit's order enforcing the NLRB's decision is not capable of being registered in a district court. Fox cites no case law in support of this argument.

The NLRB concedes that no court has expressly held that a backpay judgment of the circuit court may be registered in a district court. But the NLRB contends this is the accepted practice and refers to several orders of the Sixth Circuit which direct registration of its judgment in the district court.

Fox replies that these are *ex parte* orders. Fox then refers to the "universally applied" principle of statutory construction: *expressio unius est exclusio alterius*, arguing that a statute that mandates a thing to be done in a given manner, or by certain persons or entities, normally implies that it shall not be done in any other manner, or by other persons or entities.

Fox cites no authority in support of its unique construction of 28 U.S.C. § 1963. The Court is of the opinion that this statute is not and should not be construed to be a limitation upon the Court's authority to enforce the judgments of the Sixth Circuit Court of Appeals.

■ Secondly, Fox contends that the Court lacks subject matter jurisdiction over the controversy to which the Board's order and judgment applies. Fox contends that a court is obligated and permitted to give full faith and credit only if the court has subject matter jurisdiction. Fox cites 28 U.S.C. § 1963, that a "judgment so registered shall have the same effect as a judgment of the district court of the district where registered," arguing that this means that the order must be one which the registering court could have entered in an original action.

Fox's argument is that the Court cannot give effect to this judgment because the Court could not have entered the order due to the statutory mandate that the NLRB has exclusive control over such issues. No case law is cited which interprets the statute in this manner.

The NLRB responds that Section 10(e) of the National Labor Relations Act provides that district courts do have jurisdiction for applications for enforcement of NLRB orders "if all the courts of appeals to which application may be made are in vacation." 29 U.S.C. § 160(e), and therefore are not

statutorily precluded from enforcing such orders.

More importantly, argues the NLRB, the principles of full faith and credit have no relevance here. Full faith and credit does not apply where the matter is between two courts of the same sovereignty—here, the United States.

Finally, the NLRB asserts that Section 1963 furnishes an independent basis for jurisdiction, thus expanding the jurisdiction of the district court rather than limiting it.

The Court is in agreement with the argument asserted by the NLRB. The principles of full faith and credit apply to instances where the court is being asked to enforce a judgment of a sister sovereign.

Finally, Fox argues that the registration and any attempt to execute thereon is in violation of 28 U.S.C. § 2413. Fox argues that 28 U.S.C. § 2413 provides the sole avenue for execution of judgments obtained by the United States—through the court which rendered judgment.

The NLRB replies, citing *U.S. v. Palmer*, 609 F.Supp. 544, 547 (E.D.Tenn.1985) that "Section 2413 is an execution statute.... On the other hand, [Section] 1963 is a registration statute." Furthermore, the court held that Section "1963 may be used by all judgment creditors recovering judgment in federal district courts, including the United States. If the United States elects to register a judgment under the registration statute, 28 U.S.C. § 1963, then it may clearly do so." *Id.* at 548.

The Court is in agreement with the *Palmer* decision cited above. Fox cites no contrary authority.

Therefore, IT IS HEREBY ORDERED that the Motion of the Petitioners to Stay Proceedings is DENIED and that the Motion of the Petitioners to Set Aside Registration is DENIED.

The Court is of the opinion that oral argument is unnecessary. Therefore, the Motion of the Petitioners for an Emergency Hearing is DENIED.

This matter is therefore DISMISSED and STRICKEN from the Court's docket.