**FOX PAINTING COMPANY and Fox Painting and Decorating, Inc., Petitioners Cross–Respondents/Appellants,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent Cross–Applicant/Appellee.**

**No. 92–6083.**

United States Court of Appeals, Sixth Circuit.

Argued and Submitted Jan. 18, 1994.

Decided Feb. 9, 1994.

Kay Winebrenner Brown, Asst. Atty. Gen. (briefed), Andrew J. Russell (briefed), Smith & Smith, Louisville, KY, M. Austin Mehr, Hamilton & Mehr, Lexington, KY, for petitioners cross-respondents/appellants.

Joseph F. Frankl (argued and briefed), N.L.R.B., Office of the Gen. Counsel, Washington, DC, for respondent cross-applicant/appellee.

Before: KENNEDY and NELSON, Circuit Judges; and CONTIE, Senior Circuit Judge.

KENNEDY, Circuit Judge.

Pursuant to 28 U.S.C. § 1963, the National Labor Relations Board (the "Board") registered in the District Court a judgment of the Sixth Circuit Court of Appeals, which enforced an order of the Board against appellants Fox Painting Company and Fox Painting and Decorating, Inc. (collectively "Fox")[1], in the District Court. Fox filed a Motion to Stay Proceedings and a Motion to Set Aside Registration on the ground that the District Court was not authorized to register a judgment of the court of appeals. We agree that section 1963 does not authorize a

district court to register a court of appeals judgment, and reverse.

## I. Background

In 1982, the Board affirmed the findings of an NLRB Administrative Law Judge ("ALJ") that Fox had committed unfair labor practices by repudiating a "pre-hire" agreement between it and the International Brotherhood of Painters and Allied Trades of the United States and Canada, Local 768, AFL–CIO (the "Union"). Upon motion of the Board, this Court enforced the Board's 1982 decision and order. *NLRB v. Fox Painting Co.*, 732 F.2d 554 (6th Cir.1984) (*"Fox I"*). The Board ordered Fox to reimburse its employees for lost wages from the date of repudiation until a new agreement or a good faith impasse with the Union was reached. Supplemental backpay proceedings were held before an ALJ at which the ALJ made findings fixing Fox's liability. The Board affirmed the ALJ's findings in 1989 and ordered backpay from May 7, 1980 through June 30, 1986, dues reimbursement and fund contributions. *Fox Painting Co.*, 296 N.L.R.B. 833 (1989). Fox appealed the Board's order and the Board made a cross-application for enforcement. We granted the Board's application for enforcement. *Fox Painting Co. v. NLRB*, 919 F.2d 53 (6th Cir.1990) (*"Fox II"*).

On March 24, 1992, the Board registered a certified copy of this Court's 1990 judgment in *Fox II* in the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 1963.[2] The District Court Clerk registered the judgment on March 24, 1990 as Lexington Foreign Judgment No. 92–2. On April 10, 1990, the District Court Clerk certified abstracts of the District Court's judgment in No. 92–2. The Board

---

1. Fox Painting and Decorating, Inc. is a successor to Fox Painting Company.

2. In support of its request to register the judgment, the Board attached a copy of a letter from Assistant General Counsel John L. Chastain of the Administrative Office of the United States Courts ("AOUSC") regarding the propriety of registering judgments of the courts of appeal enforcing Board orders pursuant to section 1963. The letter provides in pertinent part:

Our office has advised district court clerks that they may register a circuit court judgment in accordance with 28 U.S.C. § 1963, when the judgment is substantively the same as a district court judgment that could be registered under that statute. That means that the circuit court judgment must meet the criteria prescribed by section 1963: it must be a judgment for the recovery of money or property, and the judgment must have become final by appeal or expiration of the time for appeal.

then obtained liens on all real property of Fox and John Fox, the sole proprietor of Fox Painting Company, within Woodford and Fayette Counties, Kentucky by filing the abstracts with the clerks of such counties.[3]

Fox then filed a Motion to Stay Proceedings to Enforce the Judgment and a Motion to Set Aside Registration of Order and Judgment, which in essence asked that the court vacate the registration. After briefing by the parties, the District Court denied both motions on July 24, 1992, 797 F.Supp. 577. The court held that section 1963 is not a limitation upon its authority to enforce judgments of the Sixth Circuit. The court further held that its power to register a judgment under section 1963 did not depend upon its otherwise having jurisdiction over the controversy giving rise to the judgment. Lastly, the court held that 28 U.S.C. § 2413 was inapplicable in this case. Fox timely appealed.

## II.

The authority of a federal district court to register judgments of other courts is found in 28 U.S.C. § 1963.

§ 1963. **Registration of judgments of the *district courts* and the Court of International Trade.**

A judgment in an action for the recovery of money or property entered in any *district court* or in the Court of International Trade may be registered by filing a certified copy of such judgment in any *other district* or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final ... or when entered by the court that entered the judgment for good cause shown.... A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963 (West Supp.1993) (emphasis supplied).

The Board argues that the legislative history of this section evinces a congressional intent that all federal court judgments may be registered by a district court and not just those of other district courts and the Court of International Trade. The unambiguous language of section 1963 belies the Board's contention. Further, before the section was amended in 1988, it provided only for the registration of district court judgments. In 1988, former 28 U.S.C. § 1963A, which provided for the registration of judgments of the Court of International Trade, was merged into section 1963 and section 1963A was repealed. This amendment indicates to us that Congress did not intend that section 1963 apply to *all* federal court judgments; if it had, reference to a specific federal court, namely the Court of International Trade, in addition to federal district courts would have been unnecessary. As it added judgments of the Court of International Trade to section 1963's coverage, Congress could have similarly added judgments of the federal courts of appeal, but it did not.

Nothing in the language of section 1963 grants authority to a district court to register judgments of any courts other than other district courts or the Court of International Trade. The language is unambiguous. Neither are we aware of any other provision that authorizes a federal district court to register a judgment of a federal circuit court. We hold that the District Court lacked jurisdiction to register a judgment of this Court.

An employer's compliance with a court judgment enforcing a Board order against the employer does not hinge upon the registration of the judgment in a district court. Board regulations provide that if the employer "has failed to live up to the terms of the court's judgment, the General Counsel may, on behalf of the Board, petition the court to hold the respondent in contempt of court. The court may order immediate remedial action and impose sanctions and penalties." 29 C.F.R. § 101.15 (1993). Indeed, the Board has instituted civil contempt pro-

---

**3.** Fox alleges that it has made overtures to the Board's Contempt Litigation Branch in an effort to settle, but that such attempts have been rebuffed. Fox has established an escrow account at the direction of the Board; based upon its ability to pay, Fox is making periodic deposits into the account to accumulate funds for settlement purposes.

ceedings in this Court to enforce the backpay requirements of our 1990 judgment in *Fox II.*[4]

### III.

Accordingly, the District Court's judgment is REVERSED.

---

**4.** Fox also argues that the District Court's judgment denying its motions should be reversed because (1) the court lacked subject matter jurisdiction over the underlying labor dispute; and (2) the registration circumvents the mandatory requirements of 28 U.S.C. § 2413, which governs the execution of judgments obtained by the United States. We do not pass on these issues as we are reversing the District Court's judgment on the grounds that it lacked jurisdiction to register the court of appeals' judgment.