**W.S. FREY CO., INC., Plaintiff,**

v.

**PRECIPITATION ASSOCIATES OF AMERICA, INC., et al., Defendant.**

**Misc. No. 95–M–3–H.**

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Oct. 2, 1995.

Thomas Moore Lawson, Winchester, VA, for Plaintiff.

## MEMORANDUM OPINION

CRIGLER, United States Magistrate Judge.

This action is before this court on a petition to register a state court judgment order and the petitioner's memorandum in support thereof. As the petition is not a dispositive pleading, this court entertains jurisdiction under the standing orders of the presiding District Judge referring all non-dispositive civil matters to this court.

### BACKGROUND

Petitioner is a Virginia corporation which has obtained a judgment in the Circuit Court of Frederick County, Virginia against the respondent. A certified copy of the judgment is attached to the pleadings. Petitioner seeks to register the Virginia state court judgment as a federal court judgment. The reason for such is not stated, but the court clearly perceives that if the judgment somehow becomes a federal judgement, it then can be registered in another federal district, including the one wherein the judgment debtor has property, without the necessity of undertaking a potentially more protracted registration process in the proposed state of execution.

Petitioner premises authority for registration of the Virginia judgment upon 28 U.S.C. § 1738, the federal statutory equivalent of Art. 4, § 1 of the United States Constitution. The court is asked to give the Virginia judgment the same effect the courts of Virginia would give it, including making it a federal judgment by registration.

### DISCUSSION AND CONCLUSIONS

Registration of judgments is permitted by statute. 28 U.S.C. § 1963. Unfortunately for the petitioner, the only judgments that can be registered under that statute are judgments from other courts of the United States. Therefore, the statutory authority for this court's registration of a judgment from a state court within the geographical boundary of this federal judicial district does not aid the plaintiff's cause.

It is clearly established that this court is to give the judgments and orders of a state court full faith and credit. *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Cyclops Corporation v. Fischbach and Moore, Inc.,* 71 F.R.D. 616 (W.D.Va. 1976). However, giving a state's judgment full faith and credit, that is, preclusive effect in any proceeding before the court, is a far cry from making a judgment of a state court a federal judgment, which is what registration is all about. Registration makes the judgment of another court one of the registering court. Thus, if this court were to register petitioner's judgment, it would be crediting it with more than preclusive effect; it would be transforming it into a judgment of the United States District Court for the Western District of Virginia. By such bootstrapping, the judgment then could be registered in a federal district wherein the judgment debtor has property. Execution could issue out of that other federal court, thus bypassing the process by which state court judgments otherwise are registered in another forum in order to obtain execution there.

It is the view of this court that though a procedure like the one proposed by petitioner in this case ought to exist, it does not now exist. Congress has not seen fit to grant the courts of the United States authority to do what petitioner asks, and neither statutory nor constitutional full faith and credit affords a substitute for such authority.

Therefore, an order will enter denying the petition to register and dismissing it from the docket of the court.