Orne v. Shinn, et al.                    CV-02-336-M    07/26/02

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Frank W. Orne, Jr.,
     Plaintiff

     v.                                    Civil No. 02-336-M
                                           Opinion No. 2002 DNH 144
Edward C. Shinn, Jr.; and
Edward C. Shinn, Jr., as Trustee
of Nutting Rd. Farm Realty Trust,
     Defendants


**O R D E R**


The precise nature of this suit is somewhat difficult to discern, as plaintiff cites both New Hampshire's pre-judgment attachment statute (N.H. REV. STAT. ANN. ("RSA") ch. 511-A) and the state's Revised Uniform Enforcement of Foreign Judgments Act (RSA ch. 524-A) in the memorandum in support of his motion for real estate attachment, which is currently before the court. However, based upon ¶¶ 4 and 5 of his verified complaint, it would appear that plaintiff seeks to register his judgment from the Essex County (Massachusetts) Superior Court for enforcement by this court. The court notes, in particular, plaintiff's claim that "this court maintains jurisdiction to enforce a judgment granted to Plaintiff, by virtue of Article 4 of the United States

Constitution which provides that full faith and credit shall be given [by] each state to the judicial proceedings of other states." (Compl. ¶ 5.)

Plaintiff's reliance upon the federal Constitution is misplaced, and his case must be dismissed, because this court lacks subject matter jurisdiction to enforce plaintiff's Massachusetts judgment. "State court judgments cannot be registered in this [c]ourt." Atkinson v. Kestell, 954 F. Supp. 14, 15 n.2 (D.D.C. 1997), aff'd sub nom. Atkinson v. Inter-American Dev. Bank, 156 F.3d 1335 (D.C. Cir. 1998) (citing 28 U.S.C. § 1963 (enumerating the judgments that may be registered in a United States district court); Fox Painting Co. v. NLRB, 16 F.3d 115, 117 (6th Cir. 1994)). As the United States District Court for the Western District of Virginia has explained:

> Registration of judgments is permitted by statute. 28 U.S.C. § 1963. Unfortunately for the petitioner [who attempted to register a Virginia state court judgment in a federal district court in Virginia], the only judgments that can be registered under that statute are judgments from other courts of the United States. . . .
>
> It is clearly established that this court is to give the judgments and orders of a state court full faith and credit. However, giving a state's judgment

full faith and credit, that is, preclusive effect in any proceeding before the court, is a far cry from making a judgment of a state court a federal judgment, which is what registration is all about. . . .

It is the view of this court that though a procedure like the one proposed by petitioner in this case ought to exist, it does not now exist. Congress has not seen fit to grant the courts of the United States authority to do what petitioner asks, and neither statutory nor constitutional full faith and credit affords a substitute for such authority.

W.S. Frey Co. v. Precipitation Assocs. of Am., Inc., 899 F. Supp. 1527, 1528-29 (W.D. Va. 1995) (citations omitted).

Because this court lacks subject matter jurisdiction to enforce a judgment entered by the Essex County (Massachusetts) Superior Court, plaintiff's suit is dismissed, sua sponte. See Atkinson, 954 F. Supp. at 15.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

July 26, 2002

cc:  John A. Doonan, Esq.
     John F. Gallant, Esq.