FILED
United States Court of Appeals
Tenth Circuit

June 4, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHAIDON BLAKE,

    Plaintiff - Appellant,

v.

JPAY; PAUL SNYDER; JOE
NORWOOD,

    Defendants - Appellees.

No. 19-3184
(D.C. No. 5:18-CV-03146-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Shaidon Blake, a prisoner proceeding pro se, brought this civil rights action

under 42 U.S.C. § 1983 against JPay, the communications provider for the Kansas

Department of Corrections (KDOC); Paul Snyder, the Warden of the El Dorado

Correctional Facility; and Joe Norwood, the Secretary of the KDOC. In his

complaint, he alleged the defendants had violated his First Amendment rights by

censoring and banning his self-authored book. The district court dismissed the action

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

on screening for failure to state a claim and denied Blake's motion to alter and amend its judgment. Blake appeals. We reverse the district court's judgment and remand for further proceedings.

**I**

In Blake's original complaint he alleged his "agent sent a picture of [his] authored book[']s cover over JPay and JPay censored it in its entirety saying it is sexually explicit." He claimed the book "was ordered censored and banned without good cause" as sexually explicit "even without any sexually explicit gestures, no penetration or anything considered vulgar in nature." He further alleged that Warden Snyder concurred in the ban, and that when Blake appealed to Secretary of Corrections Norwood, he affirmed the ban. Blake sought an order allowing his book into KDOC, as well as compensatory and punitive damages.

After screening the complaint, see 28 U.S.C. § 1915A, the district court entered a Memorandum and Order and Order to Show Cause. The district court determined that because Blake had failed to identify or describe what was contained on the censored book cover and had made only a conclusory allegation that his materials were withheld as sexually explicit, his complaint failed to state a claim for a violation of his First Amendment rights. Blake was ordered to show good cause as to why his complaint should not be dismissed. He was also granted the opportunity to file an amended complaint to cure the identified deficiencies.

Blake filed an amended complaint. He again recited that his "authored books were ordered banned and censored without good cause, using [the prison's ban on]

2

explicit[] materials as the reason." Blake quoted the language of Kansas Administrative Regulation § 44-12-313 defining sexually explicit materials and recited that his book did not fall within the description of such materials. In addition, he alleged that the KDOC regulation hindered prisoner reform, was unconstitutional under the First Amendment, and was seemingly applied only to "[u]rban[-]authored books."[1]

In a Memorandum and Order addressing Blake's amended complaint, the district court concluded he had failed to remedy the deficiencies discussed in the previous screening order. It therefore dismissed the action for failure to state a claim. See § 1915(e)(2)(B)(ii). Blake then filed a motion to alter or amend the district court's judgment, which the court denied. It noted that although Blake complained that the court had not yet reviewed any "exhibits," there were no exhibits attached to his complaint, amended complaint, or supplement to be reviewed. It concluded Blake's allegations lacked factual support and were "completely conclusory." Blake timely appealed both the district court's judgment and its denial of his motion to alter or amend.

---

[1] Blake also filed a "supplement" to his complaint, which complained about prison officials' confiscation of his manuscripts and the loss or destruction of certain other property. The district court found these allegations also failed to state a claim for relief. Blake presents no appellate argument concerning this specific determination. We therefore decline to consider this aspect of the dismissal. See Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007) (issues omitted from or inadequately presented in an appellant's opening brief are waived).

## II

We review de novo the district court's dismissal of an action under §§ 1915(e)(2)(B)(ii) or 1915A(b) for failure to state a claim. See Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009). "We review the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." Id. (quotation omitted). We review rulings on Rule 59(e) motions to alter or amend a judgment for an abuse of discretion. See Caballero v. Fuerzas Armadas Revolucionarias de Colombia, 945 F.3d 1270, 1273 (10th Cir. 2019). Because Blake appears pro se, we construe his filings liberally but do not serve as his advocate. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

## A

This case presents important First Amendment issues deserving of further proceedings. "Inmates have a First Amendment right to receive information while in prison to the extent the right is not inconsistent with prisoner status or the legitimate penological objectives of the prison." Jacklovich v. Simmons, 392 F.3d 420, 426 (10th Cir. 2004). The policy allegedly used to censor Blake's book, and which describes the prison's penological objectives, provides in pertinent part:

> (a) No inmate shall have in possession or under control any sexually explicit materials, including drawings, paintings, writing, pictures, items, and devices.

> (b) The material shall be considered sexually explicit if the purpose of the material is sexual arousal or gratification and the material meets either of the following conditions:

4

(1) Contains nudity, which shall be defined as the depiction or display of any state of undress in which the human genitals, pubic region, buttock, or female breast at a point below the top of the [areola] is less than completely and opaquely covered; or

(2) contains any display, actual or simulated, or description of any of the following:

(A) Sexual intercourse or sodomy, including genital-genital, oral-genital, anal-genital, and anal-oral contact, whether between persons of the same or differing gender;

(B) masturbation;

(C) bestiality; or

(D) sadomasochistic abuse.

Kan. Admin. Regs. § 44-12-313.

Blake contends this policy should not have been applied to him because his book does not meet its definition of sexually explicit material, and his book is otherwise entitled to First Amendment protection. In rejecting his claim, the district court relied on the four-factor test described in Turner v. Safley, 482 U.S. 78, 89-90 (1987).[2] But the Turner test addresses the constitutional validity of a prison's regulation, asking whether it reasonably relates to legitimate penological interests. See Turner, 482 U.S. at 89. Although Blake challenges the constitutional validity of the KDOC regulation, he also

---

[2] The relevant factors are "(1) whether a valid and rational connection exists between the regulation and the asserted legitimate governmental interest, (2) whether alternative means of exercising the constitutional right remain available to inmates, (3) any effect accommodating the right would have on guards and inmates, and (4) the absence of ready alternatives." Jacklovich, 392 F.3d at 426 (citation omitted).

challenges the application of the regulation to his book, regardless of its validity. He alleges that his book does not meet the regulatory criteria, and so defendants' reliance on the regulation to ban his book violated his First Amendment rights.[3]

In assessing the applicability of § 44-12-313 to Blake's book, the district court appears to have ignored a key limitation in the regulation. It provides that "material shall be considered sexually explicit [1] if the purpose of the material is sexual arousal or gratification and [2] the material" falls into one of several categories, including nudity or depictions of sexual activities such as sexual intercourse, sodomy or masturbation. Kan. Admin. Reg. § 44-12-313(b) (emphasis added). Use of the conjunctive term "and" indicates that both requirements must be satisfied. Cf., e.g., Qwest Commc'ns Int'l Inc. v. FCC, 398 F.3d 1222, 1236 (10th Cir. 2005) ("The use of the conjunctive 'and' in the phrase 'preserve and advance universal service,' or 'preservation and advancement of universal service,' clearly indicates that the Commission cannot satisfy the statutory mandate by simply doing one or the other.").

The district court addressed only the second element of the definition. But Blake has sufficiently alleged facts showing that the first criterion for censorship (that the purpose of his book is sexual arousal or gratification) was not satisfied in this case. In the amended complaint, he affirmatively stated that the purpose of his

---

[3] In his opening brief, Blake argues in conclusory fashion that he is a Maryland inmate incarcerated in Kansas pursuant to an interstate compact and that his book is not subject to censorship under Maryland law. He supplies no description of the relevant Maryland law and no adequate explanation of why that state's law should apply to this issue. Because this argument is insufficiently developed, we decline to consider it. See Bronson, 500 F.3d at 1104.

book was "rehabilitation and therapy," not sexual arousal or gratification. In his

opening brief, he further explains that his book has a polemical, self-help purpose,

rather than an obscene one.[4]

Further, although the district court faulted Blake for neither submitting the

book's cover (which Blake explained he does not have because it was censored) nor

describing its contents, a detailed description of the book's cover or contents was

unnecessary to state a claim. It is enough that Blake provided plausible facts in the

complaint from which it could be reasonably inferred that his book had a purpose

other than sexual arousal or gratification and that its censorship under the cited

---

[4] Blake states:

> Petitioner's book is titled "Doggy Style – Confessions of a Serial
> Cheater[.]" Through administrative remedies Petitioner explained the play
> on words in the title to mean – Doggy Style [is] a man with do[g]gish ways,
> a person that does not maintain a [monogamous] relationship . . . [T]he
> book is a self[-]help book in response to the very popular book by author
> and star Steve Harvey[] [titled] "Think Like a Man, Act Like a Lady,"
> which sold millions of copies.

We are not obligated to consider such additional facts or explanations on
appeal. See, e.g., Doyle v. Okla. Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir. 1993)
("We are not obliged to consider the various allegations newly made by [the
appellant] on appeal, since it is only the sufficiency of the complaint which is being
reviewed."); see also Cohon ex rel. Bass v. N.M. Dep't of Health, 646 F.3d 717, 730
(10th Cir. 2011). In this case, however, we have considered them because they shed
light on the meaning of language this pro se appellant employed in his amended
complaint.

7

regulation violated the First Amendment.[5]  Because Blake alleged such facts, we

conclude that the district court should not have dismissed the amended complaint.

### III

The district court's judgment dismissing this action is reversed.  We remand

with instructions to serve the amended complaint on the defendants and for further

proceedings.  We note, however, that our ruling here is without prejudice to any

dispositive motions that may be filed and considered once the defendants are served

and participating in the case.  In addition, because we have concluded that the

requirements of the Plan for Appointment of Counsel in Special Civil Appeals have

been satisfied, we appoint Samuel M. Strongin of WilmerHale, LLP, Washington,

D.C., to represent Blake and specifically authorize that representation to continue in

the district court proceedings on remand.

We grant Blake's motion to proceed in forma pauperis on appeal.  He is

reminded of his obligation to continue making partial payments until the entire filing

fee has been paid in full.  See 28 U.S.C. § 1915(b).


Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[5] We note the district court did not make a finding that granting further leave to amend would be futile.  Blake may seek to amend his complaint on remand, as appropriate.