FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 9, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JAMES R. LUCAS,

    Plaintiff - Appellant,

v.

DADSON MANUFACTURING
CORPORATION; PETER B. LUCAS,

    Defendants - Appellees.

No. 21-3143
(D.C. No. 2:20-CV-02509-EFM-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **KELLY**, and **CARSON**, Circuit Judges.
_____

James R. Lucas appeals pro se from the district court's dismissal of his

complaint under Federal Rule of Civil Procedure 12.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

Mr. Lucas was formerly the Chief Executive Officer and Chairman of defendant Dadson Manufacturing Corporation.  Defendant Peter B. Lucas, who is Mr. Lucas's son, was Dadson's Chief Operating Officer before becoming the company's President after Mr. Lucas's dismissal.  The parties to this action were involved in previous litigation in Kansas state court.

The amended complaint alleged five counts and asserted diversity jurisdiction under 28 U.S.C. § 1332.[1]  Defendants asserted various grounds for dismissal under Rule 12.  Granting their motions, the district court dismissed the action for lack of subject-matter jurisdiction and personal jurisdiction.[2]

The court first held it lacked subject-matter jurisdiction over Counts I and III. In Count I, Mr. Lucas sought payment of a deferred salary from Dadson that the state court had awarded to him in the parties' previous litigation.  The court rejected defendants' contention that this claim was barred by the Rooker-Feldman doctrine.[3] But it dismissed Count I *sua sponte*, concluding that Mr. Lucas failed to cite any

---

[1] The original complaint also named as a defendant Mr. Lucas's former wife. She moved to dismiss, challenging subject-matter jurisdiction based on a lack of complete diversity.  In response, Mr. Lucas amended his complaint, omitting all claims against her.

[2] Although the district court did not specify which sections of Rule 12 it applied, Rules 12(b)(1) and 12(b)(2) pertain to its rulings regarding lack of subject-matter and personal jurisdiction, respectively.

[3] See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

2

authority giving the court subject-matter jurisdiction over this claim. In Count III, Mr. Lucas asked the court to strike damages awarded to Dadson in the previous state-court litigation. The court held this claim was barred by the Rooker-Feldman doctrine and dismissed it for lack of subject-matter jurisdiction.

In Count II, Mr. Lucas sought repayment of a personal loan made to Dadson. Count IV asserted breach of a settlement agreement related to the previous state-court litigation. The district court concluded that Counts II and IV were not barred by Rooker-Feldman because Mr. Lucas was not asking the court to review or overrule a state-court decision. But it held it lacked personal jurisdiction over Dadson and Peter Lucas with regard to these counts, as well as Count V seeking punitive damages, because Mr. Lucas failed to allege in his amended complaint any actions by them "that took place in Kansas, with the exception of their involvement in the [previous Kansas state-court proceeding]." R. at 303. The court acknowledged his factual assertions in response to the defendants' motions to dismiss. But because he had not alleged these facts in his amended complaint, it granted the motions and entered a final judgment.

Mr. Lucas moved for reconsideration and sought sanctions against Peter Lucas. The court construed these requests as seeking relief under Federal Rules of Civil Procedure 59(e) or 60 and 11. The court denied both motions.

## II.    Discussion

### A.    Scope of Appeal

Before the district court ruled on his post-judgment motions, Mr. Lucas filed a notice of appeal ("NOA") designating the dismissal order and final judgment.  On appeal, he purports to challenge both the district court's dismissal order and its denial of his post-judgment motions.  But we lack jurisdiction to review the post-judgment orders because Mr. Lucas did not amend his NOA or file a new NOA after the district court issued those orders.

"[A] timely notice of appeal in a civil case is jurisdictional."  Alva v. Teen Help, 469 F.3d 946, 950 (10th Cir. 2006).  Under Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), Mr. Lucas's failure to file a new or amended NOA deprives us of jurisdiction to review the order denying his post-judgment motions.  See Husky Ventures, Inc. v. B55 Invs., Ltd., 911 F.3d 1000, 1008-09 & n.4 (10th Cir. 2018) (holding appellate court lacked jurisdiction to review denial of motions listed in Rule 4(a)(4)(A) absent a new or amended NOA); Laurino v. Tate, 220 F.3d 1213, 1219 (10th Cir. 2000) (holding appellate court lacked jurisdiction to review grant of motion to amend judgment to award Rule 11 sanctions absent amended NOA).[4]  This

---

[4] Mr. Lucas's statement in his NOA that "[i]f the district court denies [his motion for reconsideration], [he] intends to include in his Appellate Brief an appeal from any additional adverse rulings in that denial," R. at 406, was ineffective to appeal the post-judgment order.  See Laurino, 220 F.3d at 1219 & n.6 (holding statement in NOA of intent to appeal "any and all other subsequent amendments to or other final judgments entered . . . after this [NOA] has been filed" was "ineffective to appeal from [an] amended judgment" (internal quotation marks omitted)).

jurisdictional prerequisite applies to pro se parties.  See Jernigan v. Stuchell,

304 F.3d 1030, 1031-32 (10th Cir. 2002).  Thus, we have jurisdiction to review only

the dismissal order and final judgment, as designated in Mr. Lucas's NOA.

**B.     Appeal of Dismissal Order**

We review de novo the district court's rulings on subject-matter and personal

jurisdiction.  See Smith v. United States, 561 F.3d 1090, 1097 (10th Cir. 2009); Old

Republic Ins. Co. v. Cont'l Motors, Inc., 877 F.3d 895, 903 (10th Cir. 2017).  But

Mr. Lucas does not challenge the substance of the district court's jurisdictional

rulings.  He instead argues that the court (1) did not afford his pro se filings adequate

liberality by dismissing his complaint based upon procedural deficiencies, and

(2) should have allowed him an opportunity to further amend his complaint before

ruling on the motions to dismiss.

We disagree.  "Although a pro se litigant's pleadings are to be construed

liberally and held to a less stringent standard than formal pleadings drafted by

lawyers, this court has repeatedly insisted that pro se parties follow the same rules of

procedure that govern other litigants."  Garrett v. Selby Connor Maddux & Janer,

425 F.3d 836, 840 (10th Cir. 2005) (citation, brackets, and internal quotation marks

omitted).  Moreover, the defendants' motions to dismiss gave Mr. Lucas "notice and

opportunity to amend his complaint."  Hall v. Bellmon, 935 F.2d 1106, 1110

(10th Cir. 1991).  But in response to the motions, he chose to stand on his allegations

5

rather than seek leave to amend.[5]  Lastly, contrary to his assertion, the district court dismissed his action *without prejudice*.  See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006) (holding dismissals for lack of jurisdiction must be without prejudice); Fed. R. Civ. P. 41(b).

We have reviewed the district court's dismissal order and the parties' briefs on appeal.  Finding no reversible error,[6] we affirm the judgment for substantially the reasons stated in the dismissal order.

## III.    Conclusion

The district court's judgment is affirmed.  We grant Mr. Lucas's application to proceed on appeal without prepayment of fees and costs.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[5] In contrast, when his former wife moved to dismiss the original complaint, Mr. Lucas amended the complaint to correct the deficiency identified in her motion.

[6] The district court dismissed Count I for lack of subject-matter jurisdiction based on Caballero v. Fuerzas Armadas Revolucionarias de Colombia, 945 F.3d 1270, 1272-73, 1275 (10th Cir. 2019), in which the plaintiff alleged federal-question jurisdiction over his claim seeking to enforce a state-court judgment in federal court. But Mr. Lucas alleged subject-matter jurisdiction based upon diversity of citizenship. We thus disagree with the basis of the district court's dismissal of that count. Reversal is not required, however, because the court still lacked personal jurisdiction over Dadson and Peter Lucas.  And we need not first address defendants' contention that Count I is barred by the Rooker-Feldman doctrine because we may accord priority to the personal-jurisdiction inquiry, which is the "surer ground" in this case, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578 (1999).